EQUITABLE FIRE INSURANCE CO. *v.* R. H. WILDBERGER.

1. PRINCIPAL AND AGENT.   *Instructions.*

It is the duty of an agent to obey the instructions of his principal so long as the instructions are neither unlawful nor immoral.

2. SAME.   *Disobedience.*

If an agent enter upon a transaction in disobedience of his instructions, he cannot recover from his principal money paid out in such transaction.

3. INSURANCE AGENT.   *Instructions.*

If an insurance agent, in violation of the instructions of his company, without being requested so to do by the policy holders, cancels policies issued by him. he cannot recover from the company the portions of premiums returned to the policy holders.

FROM the chancery court of Lauderdale county.

HON. N. C. HILL, Chancellor.

Wildberger, the appellee, was the agent, at Clarksdale, of the Equitable Fire Insurance Company, a corporation domiciled at Meridian..  The company decided to go out of business, and wrote Wildberger the following letter, viz.:

"MERIDIAN, MISS., August 1, 1891.
"*R. H. Wildberger, Esq., Agent, Clarksdale:*

"DEAR SIR.—The Equitable Fire Insurance Company has decided to retire, and you will therefore write no further busi-

ness for us from this date.    The business in force will be rein-
sured in a few days.    Negotiations are pending, and will
doubtless be closed by the tenth instant.    There is no stampede
at all, and we ask your assistance to prevent any.    We are not
broke.    The company is perfectly solvent.    Just let business
stand, and if any losses occur they will be settled as usual, and
when negotiations are closed a new company may be added to
your agency.    Will settle Ward loss as soon as we get our re-
insurance off and the time expires.    Yours truly,

"J. C. LLOYD, *Secretary.*"

Upon receipt of this letter Wildberger at once, and without
request from the policy holders, so far as the record shows,
canceled all of the outstanding policies in the appellant com-
pany which had been issued by him, paying to the policy
holders a ratable proportion of the premiums for the unexpired
terms of their policies.    Some of the policies for which " return
premiums " were charged, had, perhaps, been canceled by
Wildberger before he received the letter.    Each of the policies
so canceled  contained the following provisions: *"Cancellation
of policy.*—This insurance may be terminated at any time, at
the request of the assured, in which case this company shall
retain the customary short rates for the time the policy has
been in force.    It may also be terminated at any time, at the
option of this company, on giving written or verbal notice to
that effect, and refunding or tendering a ratable proportion of
the premium for the unexpired term of the policy."    It was
shown in evidence that if a policy was canceled at the request
of the assured, the company would return less of the premium
than it would refund if the cancellation was made by the com-
pany on its own motion.

The affairs of the insurance company having been placed in
the hands of a receiver by the chancery court, Wildberger pro-
pounded his claim therein, and the court below decreed him
entitled to recover the money paid by him to the policy holders
whose insurance he had canceled, and, notwithstanding it did

not appear that they had requested the cancellations, he was, by the court below, allowed, according to the *pro rata* method, a ratable proportion of the premiums for the unexpired terms of the policies.

*Cochran & Bozeman,* for appellant.

The only parties to this suit are principal and agent, and the question here is a determination of their duties and liabilities *inter se,* under the facts in evidence.

Under a given state of facts—as, where an agent acts contrary to the interest of his principal, and in violation of his principal's instructions, and yet within the apparent scope of his authority —the rights of the third person with whom the agent deals, as against the principal, and the accountability of the agent to his principal, may be widely divergent.

The act of the agent may bind his principal, and yet the agent may be liable to the principal for any loss incurred or injury done. In this case we submit that the decree below was erroneous, and that the appellee, Wildberger, agent of the appellant company, is not entitled to recover the return premiums of the company, especially at *pro rata* rates, because (1) his agency for the company had been revoked and terminated prior to his cancellation of the policies, and he had no authority to cancel the policies as agent for the company; (2) if the agency had not been revoked, the appellee, in cancelling the policies, acted in direct violation of the plain instructions of the company, his principal; (3) he acted in hostility to the company's interest, in bad faith to his principal, and for the benefit of those having conflicting interests; (4) he acted in the dual and inconsistent capacity of agent for both parties, the company and the insured, having conflicting interests, which act was promptly disapproved by the company and ratified by the insured.

The rule of law is well established that the principal has a right to control the action of his agent by instructions. *Robertson* v. *Cloud,* 47 Miss., 208 (209).

· *G. Q. Hall*, for appellee.

An insurance company cannot, without the consent of the assured, shift its contractual liabilities to the shoulders of some other company. *Smith* v. *St. Louis Mutual, etc., Co.*, 2 Tenn. Chy., p. 736. The appellant company had decided to go out of the business. It recognized the necessity for cancellation of the policies. The contract, as embodied in its policy, stipulated that, where cancellation was had, save at the instance of the assured, it should be upon condition of return of the full unearned premium. The agent so recognizing did that which the company was bound both by law and its contract to do, to wit, cancel the policies and return to the assured the full amount of the unearned premium, and his present claim is to be reimbursed by the company for the amount so by him expended.

Mr. Wildberger did that which it was the legal duty of the corporation to do, and which any court of competent jurisdiction would have forced it to do, and he is entitled to be reimbursed the moneys thus advanced by him for his principal.

Argued orally by *G. Q. Hall*, for appellee.

WOODS, J., delivered the opinion of the court.

Wildberger was the agent of the appellant, and was bound to obey the instructions of his principal so long as those instructions were neither unlawful nor immoral. Instead, however, of obeying the instructions of his principal, contained in the letter of the company's secretary, of date August 1, 1891, the appellee, on the very day he received this letter, or perhaps before, canceled all the policies of the company which had been issued by him, and the unearned premiums were by him returned to the policy holders under the *pro rata* method. If these policies were really canceled at the request of the policy holders, which does not appear to have been the case, then the unearned premiums returned to policy holders should have been at short rates, as their contracts distinctly stipulated, and the

sum of these short rate premiums subtracted from the premiums paid by the assured, would be the measure of the company's liability to the appellee. If, however, the appellee, in the face of his instructions from his principal, and of his own motion, and not at the request of the assured, canceled the policies and returned premiums to policy holders who had not requested cancellation, then, of course, for such wilful and unauthorized action, he must fail of any recovery. It appears, moreover, that a number of the policies which are said by the appellees to have been canceled by him under the circumstances above enumerated, have never been returned to his principal. This must be done, or their nonreturn satisfactorily accounted for.

<i>Reversed and remanded.</i>